**Dismissed and Memorandum Opinion filed March 4, 2014.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-13-01123-CR

---

### SHALAY MICHELLE RICHARDSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1337838**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to aggravated assault with a deadly weapon. In accordance with the terms of a plea bargain agreement with the State, on November 2, 2012, the trial court deferred a finding of guilt, placed appellant on community supervision for four years, and assessed a $500 fine. The State subsequently moved to adjudicate appellant's guilt, alleging violations of the terms of appellant's community supervision. Appellant entered a plea of true to the allegations in the State's motion. Appellant also executed a Stipulation of Evidence

and signed a written waiver of her right to appeal. After finding the allegations in the State's motion true, the trial court adjudicated appellant's guilt. On November 13, 2013, the court sentenced appellant to confinement for five years in the Institutional Division of the Texas Department of Criminal Justice and assessed a $500 fine. Appellant filed a pro se notice of appeal.

The trial court entered a certification of the defendant's right to appeal in which the court certified that the defendant waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the supplemental record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices Boyce, Christopher, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).